UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MILBANK INSURANCE COMPANY, AS SUBROGEE OF ROBERT AND BRENDA LYKE;<br><br>Plaintiff,<br><br>vs.<br><br>GREE USA, INC., MJC AMERICA, LTD., GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI, HONG KONG GREE ELECTRIC APPLIANCE SALES, LTD.,<br><br>Defendants. | 4:21-CV-04180-RAL<br><br>ORDER ALLOWING PLAINTIFF TO FILE AMENDED COMPLAINT |

The Scheduling Order in this case made March 16, 2022, the deadline for amending the pleadings. Doc. 16. On June 28, 2022, Plaintiff and Defendants filed a stipulation agreeing that Plaintiff could file an amended complaint. Doc. 19. Rule 15(a)(2) of the Federal Rules of Civil Procedure would ordinarily allow a plaintiff having written consent from the defendant to file an amended complaint without leave of court. Fed. R. Civ. P. 15(a)(2). Because the Scheduling Order's deadline for amending the pleadings has already expired, however, the "good cause" standard of Rule 16(b)(4) governs Plaintiff's attempt to amend the complaint. See Nelson v. Int'l Paper Co., No. 18-cv-131 (SRN/LIB), 2019 WL 10960398, at *1–2 (D. Minn. Jan. 22, 2019) (applying Rule 16(b)(4)'s good cause standard to motion to amend answer after the scheduling order deadline even though the plaintiff consented to the defendant's motion to amend its answer); 1 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and

Commentary Rule 15 (Feb. 2022 Update) ("If the deadline in the scheduling order for amending the pleadings has passed . . . the Rule 15(a) provision for consent amendments may be limited by the Rule 16(b)(4) requirement that the scheduling order be modified only by leave of court upon a showing of good cause."); see also Trim Fit, LLC v. Dickey, 607 F.3d 528, 531 (8th Cir. 2010) (explaining that there is no "absolute right to amend" after the scheduling order's deadline and that when "leave to amend is sought after the scheduling order's deadline, a judge may require good cause under Rule 16(b)(4)").

Based on the proposed amended complaint, and considering Defendants' consent, Plaintiff has shown good cause for its belated attempt to amend its complaint. According to the proposed amended complaint, Plaintiff and Defendants entered into a settlement agreement on March 3, 2022, requiring Defendants to pay Plaintiff $125,000. Doc. 19-1. The agreement required Defendants to pay this amount by June 1, 2022, but Defendants have not done so. Doc. 19-1. Plaintiff now seeks to sue Defendants for breach of contract rather than the claim for product liability alleged in the initial complaint.[1] Doc. 19-1. Plaintiff has been diligent in attempting to resolve this case and its failure to comply with the Scheduling Order's deadline was beyond its control. For good cause, it is

ORDERED that Plaintiff file its amended complaint in CM/ECF as a free-standing document rather than as an attachment. It is further

ORDERED that Defendants shall have 14 days after Plaintiff files the amended complaint to answer.

---

[1] Plaintiff's "amended complaint" actually has the flavor of a supplemental pleading as it concerns matters that occurred after the filing of the initial complaint. See Fed. R. Civ. P. 15(d); 6A Mary Kay Kane, Federal Practice & Procedure § 1504 (3d ed.). The distinction between a supplemental complaint and an amended complaint does not matter here, though, as this Court would allow Plaintiff to file its new complaint under both Rule 16(b)(4) and Rule 15(d).

DATED this 14th day of July, 2022.

                          BY THE COURT:

                          */s/ Roberto A. Lange*
                          ROBERTO A. LANGE
                          CHIEF JUDGE